# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN WALKER-ABRAMS,

     Plaintiff

v.

ISIDRO BACA, et al.,

     Defendants

Case No.: 3:19-cv-00768-MMD-CSD

**Order**

Re: ECF No. 56

Before the court is Plaintiff's motion to serve Jose Garcia. (ECF No. 56.)

When Plaintiff initiated this action, he was an inmate incarcerated within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. He is currently incarcerated in the Federal Correctional Complex in Tucson, Arizona.

The court screened Plaintiff's second amended complaint (SAC) and allowed him to proceed with claims under the Eighth Amendment for unconstitutional conditions of confinement and deliberate indifference to serious medical needs, as well as claims for access to the courts, the right to self-representation, and retaliation. Plaintiff was allowed to proceed against the following defendants: Baca, Bloomfield, Conlin, Dunbar, Dzurenda, Fryer, Garcia[1], Mooney, Morris, Samsel, Santos, Singleton (identified by Plaintiff in the SAC as Singletary), Walker, Walsh, Ward and Wickham. (ECF No. 5.)

The Attorney General's Office has accepted service on behalf of Baca, Bloomfield, Conlin, Dzurenda, Fryer, Mooney, Samsel, Santos, Singleton, Walker, Walsh, Ward and

---

[1] Garcia was identified in the SAC as "C/O" or Correctional Officer Garcia. (ECF No. 6 at 7.)

1  Wickham. The Attorney General's Office did not accept service for *Jose* Garcia[2], Jennifer

2  Dunbar, or Morris. (ECF No. 26.)

3        The court issued a notice of intent to dismiss Garcia, Dunbar, and Morris, giving Plaintiff

4  until November 4, 2021, to file a proof of service as to those defendants or establish good cause

5  as to why they have not been served. (ECF No. 38.)[3] Plaintiff filed a motion for an extension of

6  time to locate and serve the remaining defendants (ECF No. 39), which Magistrate Judge

7  William G. Cobb granted, giving Plaintiff until January 25, 2022, to locate and file a proof of

8  service as to the remaining defendants. Judge Cobb also directed the Attorney General's Office

9  to cooperate with Plaintiff in properly identifying the remaining defendants. (ECF No. 40.)

10       On January 10, 2022, Plaintiff filed a motion to have the remaining defendants served by

11  the U.S. Marshals, and sought the Attorney General's assistance in locating and serving the

12  remaining defendants. (ECF No. 42.) Judge Cobb issued an order noting that the Attorney

13  General's Office had accepted service for a *Javier* Garcia in another case. Judge Cobb ordered

14  the Attorney General's Office to advise whether it could accept service on behalf of *Javier*

15  Garcia in this case. Judge Cobb further ordered the Attorney General's Office to cooperate with

16  Plaintiff to properly identify Dunbar and Morris. (ECF No. 43.)

17       Deputy Attorney General (DAG) Laura Ginn filed a declaration stating that she reached

18  out to both a *Javier* Garcia and a *Jose* Garcia, and she represents that *Javier* Garcia advised her

19

---

20  [2] Defendants' notice states that service is not accepted on behalf of *Jose* Garcia, stating that
   counsel was informed NDOC did not have staff by the name of *Jose* Garcia. (ECF No. 26 at 2, n.

21  2.) It is unclear how the Attorney General's Office determined the Correctional Officer Garcia
   named in the SAC was *Jose* Garcia. The notice is also contradicted by DAG Ginn's subsequent

22  statement that she reached out to both *Jose* Garcia and *Javier* Garcia, implying that they were on
   staff at NDOC.

23  [3] The notice was issued as to Singleton and Mooney as well, but the Attorney General's Office
   subsequently accepted service on behalf of those defendants.

1  that he did not work at Northern Nevada Correctional Center (NNCC) during the relevant time

2  period, and *Jose* Garcia said he was working in a different unit than Unit 5 where the incident

3  allegedly took place. (ECF No. 44-1.) Ms. Ginn did not provide a declaration from either Garcia.

4  Nor did she provide any other evidence to establish the statements she attributes to them.

5       On January 26, 2022, the Attorney General's office filed last known addresses under seal

6  for Jennifer (Dunbar) McCain and Cody Morris. (ECF No. 47.) Summonses have been issued for

7  those two defendants, but have not yet been returned. (ECF No. 50.)[4]

8       On February 11, 2022, Plaintiff filed this motion to serve *Jose* Garcia. Plaintiff maintains

9  that *Jose* Garcia was in fact working in the gym where he alleges the Defendants housed 190

10  men with access to only one toilet in 2019. Plaintiff is adamant that the *Jose* Garcia who

11  currently works at NNCC is the correct defendant. (ECF No. 56.)

12       Plaintiff's motion to serve *Jose* Garcia (ECF No. 56) is **GRANTED** to the extent the

13  Attorney General's Office shall file a notice within **10 days** of the date of this Order stating

14  whether or not they will accept service for *Jose* Garcia (who Plaintiff contends is a current

15  NDOC employee). If service is not accepted for *Jose* Garcia (*i.e.,* because he is no longer a

16  current NDOC employee), the Attorney General's Office shall file *Jose* Garcia's last known

17  address under seal.

18

19

20

21

22

23

---

[4] Once the returns are filed, the court will address any remaining issues on service as to these two defendants.

Once *Jose* Garcia has appeared, he may make any appropriate arguments regarding his personal participation in this incident in a properly supported motion for summary judgment (after any necessary discovery on this issue has been completed).

**IT IS SO ORDERED**.

Dated: February 15, 2022

_____
Craig S. Denney
United States Magistrate Judge